FILED
SUPERIOR COURT
OF GUAM

2025 JUN -9 PM 12: 36

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IGNACIA B. BUTLER TRUST, *By and Through Its Lawfully Designated Sole Trustee,* GREGORY D. CHAMPION<br><br>**Plaintiff,**<br><br>**vs.**<br><br>CECILIA CHAMPION and CECILIA CHAMPION *as the Administratrix of the Estate of Gerard Andre Champion,*<br><br>**Defendants.** | CIVIL CASE NO. CV0462-24<br><br><br>**DECISION AND ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

This matter came before the Honorable Dana A. Gutierrez on February 27, 2025 for a Motion Hearing on Defendant Cecilia Champion's ("Defendant") Motion to Dismiss (Rule 12(b)(6)) or in the Alternative Motion for a More Definite Statement (Rule 12(e)) ("Motion to Dismiss"). Present at the hearing was Attorney Jon A. Visosky representing Defendant and Attorney Michael J. Berman representing Plaintiff, the Ignacia B. Butler Trust, by and through its lawfully designated sole trustee, Gregory D. Champion ("Plaintiff"). Upon review of the arguments and applicable Guam law, the Court hereby **GRANTS** Defendant's Motion to Dismiss with leave to amend.

## BACKGROUND

This case arises from allegations of fraud and breach of fiduciary duty concerning the disposition of real property originally held in trust. The Ignacia B. Butler Trust ("the Trust") was established in Guam on July 1, 1986. Am. Compl. at 1. Since then, the Trust was amended on October 7, 1986, and on June 23, 1989. *Id.* at 1-2. Following the October 7, 1986 Addendum that

revoked the July 1, 1986 trust, Gerard A. Champion (the "Decedent") served as the sole Trustee. *Id.* at 1 and Ex. C. Upon Ignacia Butler's death, the Trust was to continue for the benefit of her children and certain religious beneficiaries, with distribution powers expressly granted to the trustee. *See id.,* Ex. C.

From July 1986 until his death on July 19, 2023, the Decedent served as the sole trustee. *Id.* at 2. Defendant is the Decedent's surviving legal spouse and the Administratrix of the Decedent's Estate in Probate Case No. PR0123-24. *Id.*

On August 7, 2024, Plaintiff filed its Complaint for Fraud, Declaratory Relief, Constructive Trust, and Unjust Enrichment. On August 26, 2024, Plaintiff filed its First Amended Complaint for Fraud, Declaratory Relief, Constructive Trust, and Unjust Enrichment (the "Amended Complaint") alleging four causes of action against Defendant, both individually and in her capacity as Administratrix of the Estate of Gerard Andre Champion (Probate Case No. PR0123-24): (1) fraud; (2) declaratory relief; (3) constructive trust; and (4) unjust enrichment. *See generally* Am. Compl. (Aug. 26, 2024).

Plaintiff alleges that while serving in that fiduciary role, the Decedent conveyed the following two parcels of real property that are trust property, first to himself individually and subsequently to Defendant, without legal authority or the consent of the Trust's beneficiaries. *Id.* at 2 and Ex. D.

> **Parcel I**
> Lot No. P19.1B-4-2NEW, Sinajana, Guam (Estate No. 15504 under Basic Lot No. P19.1B-4 & none issued under Basic Lot No. P19.1B), Suburban, as said lot is marked and designated on Map Drawing No. 23-87-02 LM#176FY#87, dated May 6, 1987, and recorded on June 25, 1987, under Instrument No. 386725 in the Department of Land Management, Government of Guam. The map shows the area to be approximately 12,009 square feet (1,116 square meters). Last Certificate of Title No. 21569 under Basic Lot No. P19.1B-4 was issued to Ignacio Bordallo Butler.

**Parcel II**
Lot No. P19.1B-4-R3, Sinajana, Guam (Estate No. 8637 under Basic Lot No. P19.1B-2-2 & Estate No. 15504 under Basic Lot No. P19.1B-4), Suburban, as said lot is marked and designated on Map Drawing No. 23-87-02 LM#176FY#87, dated May 6, 1987, and recorded on June 25, 1987, under Instrument No. 386725 in the Department of Land Management, Government of Guam. The map shows the area to be approximately 12,009 square feet (1,116 square meters). Last Certificate of Title No. 9703 under Basic Lot No. P19.1B-2-2 was issued to Carlos Pangelinan Bordallo and Ernesta Pellicani Bordallo, and Certificate of Title No. 21569 under Basic Lot No. P19.1B-4 was issued to Ignacio Bordallo Butler.

Am. Compl. at Ex. D.

Plaintiff contends that these conveyances were fraudulent and constituted breaches of Decedent's fiduciary duties, including the "obligation to exercise good business judgment, to act prudently in the operation of the Trust's business, to discharge his actions in good faith, to act in the best interests of the Trust and its beneficiaries and to put the interest of the Trust before his own." *Id.* at 3. Plaintiff further alleges that "Defendants were direct participants in these two fraudulent conveyances to themselves." *Id.*

On September 17, 2024, Defendant filed her Motion to Dismiss (Rule 12(b)(6)) or in the Alternative Motion for a More Definite Statement (Rule 12(e))("Motion to Dismiss"). Defendant seeks to dismiss the Amended Complaint under Guam Rules of Civil Procedure ("GRCP") 12(b)(6), which provides for dismissal for failure to state a claim upon which relief can be granted. Mot. Dismiss at 1. Defendant argues that all claims are barred by the statutes of limitations. *Id.* At 3. She also contends that the Trust is not a legal entity capable of suing or being sued, asserting that only a trustee may initiate litigation.[1] *Id.* at 7. Further, Defendant argues that the fraud claim

---

[1] Defendant also notes that although she is named in the caption as "Administratrix of the Estate of Gerard Andre Champion," she has not been formally appointed to that role. *See* Mot. Dismiss at 2. However, the Parties confirmed that she was appointed as administratrix at the Motion Hearing. Min. Entry at 10:14 a.m. (Feb. 27, 2025).

must be dismissed for failure to plead with particularity under GRCP Rule 9(b), as the Amended Complaint lacks specific allegations of dates, conduct, or facts showing how the fraud was committed. *Id.* at 7-8. Defendant notes that the Amended Complaint's vague reference to "recent discovery" fails to establish when the alleged fraud was discovered for purposes of calculating the statute of limitations. *Id.* at 5-6 In the alternative, Defendant moves for a more definite statement under GRCP Rule 12(e), requesting that the Court require Plaintiff to "allege more specifically the facts upon which all its claims are based." *Id.* at 8-9.

On October 14, 2024, Plaintiff filed Plaintiff's Opposing Memorandum to Defendant's Motion to Dismiss or in the Alternative Motion for a More Detailed Statement ("Opposition"). Plaintiff asserts that the statute of limitations has not run because the alleged fraud by former trustee Gerard Champion could not have been discovered until his death on July 19, 2023, when the current trustee, Gregory Champion, gained access to the relevant trust information. Opp. at 2-3. Plaintiff also refutes Defendant's argument that the Trust is not a proper party to sue, emphasizing that the suit is brought by and through its lawfully designated sole trustee, Gregory Champion, who is the real party in interest. *Id.* at 7-8. Finally, Plaintiff maintains that the fraud claim meets the pleading standards of GRCP Rule 9(b), as it clearly alleges that the prior trustee engaged in self-dealing by transferring trust property to himself and his wife without authority and includes dates, context, and identifies the parties involved. *Id.* at 8-9.

On November 4, 2024, Defendant filed Defendant Cecilia Champion's Reply ("Reply"). Defendant argues that the statute of limitations bars Plaintiff's claims because Gregory Champion, as a beneficiary for 35 years, had access to public records of the alleged property transfers and cannot claim ignorance until becoming trustee. Reply at 1. The Reply asserts that the Amended

Complaint fails to plead fraud with particularity or establish grounds for delayed discovery, as it lacks specific dates, Defendant's involvement, and allegations of concealment. *Id.* at 2-5.

On November 12, 2024, Plaintiff filed Plaintiff's Sur-Reply Memorandum to Defendants' Reply Memorandum ("Sur-Reply").[2] Plaintiff maintained that the Amended Complaint meets the pleading standards under GRCP Rules 8(a) and 9(b) by sufficiently alleging fraud, particularly in the context of a fiduciary relationship involving nondisclosure. Sur-Reply at 2. Plaintiff asserts that both actual and constructive fraud are properly alleged, and that the failure to disclose real estate transfers by the former trustee constitutes fraud sufficient to toll the statute of limitations, especially given the fiduciary relationship. *Id.* at 4. Finally, Plaintiff contends that the "recent discovery" allegation is specific enough under Guam law. *Id.* at 7.

On February 27, 2025, the Court held a motion hearing on the matter. After hearing arguments from the parties, the Court took the matter under advisement. *Id.* at 10:39 AM (Feb. 27, 2025).

## DISCUSSION

GRCP Rule 12(b)(6) provides grounds for dismissal for failure to state a claim upon which relief can be granted. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. When analyzing a GRCP 12(b)(6) motion to dismiss, the Court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 15. Generally, motions to dismiss are "viewed

---

[2] The delay between the filing of Plaintiff's Opposition and Defendant's Reply & Plaintiff's sur-reply was a result of a stipulation to extend the time for filing filed on October 28, 2024.

with disfavor and [are] rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (1997).

"Dismissal is only proper if it is clear . . . that the complaint could not be saved by any amendment."

*Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9. When reviewing a GRCP Rule 12(b)(6)

motion, the court must construe the pleading in the light most favorable to the non-moving party

and resolve all doubts in the non-moving party's favor. *Id.*

### I. The Amended Complaint Identifies Gregory D. Champion as the Real Party in Interest.

Defendant argues that dismissal is warranted because Plaintiff referred to itself as "Plaintiff

Trust" and the Trust was not a party capable of suing pursuant to the Amended Complaint. *See*

Mot. Dismiss at 7. However, Defendant's position mischaracterizes the caption of the Amended

Complaint. While it is true that under common law only a real party in interest may maintain an

action, and that in trust cases this party is typically the trustee, the Amended Complaint expressly

complies with that requirement by identifying the Plaintiff as "Ignacia B. Butler Trust, *by and*

*through* its lawfully designated sole trustee, Gregory D. Champion." *See* Am. Compl. at 1

(emphasis added).

Defendant correctly cites that *Powers v. Ashton* states that a party who is not the real party

in interest may not maintain a suit, and that complaints brought by or on behalf of a trust without

identifying the trustee are invalid. *Powers v. Ashton*, 45 Cal.App.3d 783, 787–88 (1975). However,

this case addresses pleadings where the trustee is unnamed. That is not the case here. The Amended

Complaint and subsequent filings make clear that "Gregory D. Champion" is the sole trustee and

that the action is being initiated "*by and through* its lawfully designated sole trustee." Am. Compl.

at 1.

Thus, because the Amended Complaint properly identifies Gregory D. Champion as the trustee and real party in interest, the Court finds no basis to dismiss the action on this ground.

## II. Plaintiff's Claims Are Not Barred by the Statute of Limitations.

Defendant argues that Plaintiff's claims are time-barred by the three-year period prescribed in 7 GCA § 11305 because Gregory Champion, "had access to publicly available information about the land transfers during those 35 years," that he was a beneficiary. Mot. Dismiss at 2. However, Plaintiff argues that Gregory Champion had no duty to inquire and investigate as to the Trust's property transfers until he became the Trustee following the Decedent's passing. Sur-Reply at 7-9. Further, he argues that he discovered the documents transferring the Trust properties through bank documents, which were not public records. Min. Entry at 10:20 a.m. (Feb. 27, 2025).

Under Guam law, the statute of limitations for fraud is three years 7 GCA § 11305(d). Further, a fraud cause of action is not "deemed to have accrued until the *discovery* by the aggrieved party of the facts constituting the fraud or mistake." *Id.* (emphasis added). In applying 7 GCA § 11305(d) to a claim of fraud, the Guam Supreme Court held that "the statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Burkhart v. Miranda* 2013 Guam 2 ¶ 26. Additionally, the Guam Supreme Court has held that, when a fraud case involves public recordation, the trial court should not conflate "the constructive notice given to subsequent purchasers under Guam's recording statute with the inquiry notice that starts the statute of limitations in a fraud case." *Cruz v. Cruz*, 2023 Guam 20 ¶ 21. The Guam Supreme Court has emphasized that in such cases, public recordation does not trigger inquiry notice. *Id.* at ¶ 27 ("Where fraud is involved, public records are not constructive notice of the true facts to the defrauded party."). Further, "[p]ublic records cannot be used to defend fraud." *Id.* at ¶ 26.

7

Plaintiff also correctly states that courts recognize that where a confidential or fiduciary relationship exists, such as between a trustee and trust beneficiaries, the statute of limitations begins with discovery of the fraudulent activity. *See King v. King*, 69 F.4th 738, 748 (11th Cir. 2023)("the failure to disclose a material fact constitutes fraud for the purposes of tolling the statute of limitation"); *see* Opp. at 5.

Because the Decedent served as sole trustee from July 1986 until his death on July 19, 2023, Plaintiff had no duty to investigate fraudulent actions involving trust assets until assuming the role of trustee. Neither has Defendant cited to any case law that imposes a duty on a beneficiary to investigate fraud through public records. The Amended Complaint alleges that Plaintiff discovered the improper property transfers only after assuming the role of trustee. As a result, Plaintiff states that July 20, 2023, is the earliest possible discovery date. *See* Opp. at 3. Accepting these allegations as true and drawing all inferences in Plaintiff's favor, July 20, 2023 would be the earliest possible discovery date. As Plaintiff filed suit within three years of that date, the claims would be timely, and the statute of limitations does not bar the action.

This reasoning applies not only to Plaintiff's fraud claim, but to all of the claims in the Amended Complaint. The unjust enrichment, declaratory relief and constructive trust claims are equitable remedies that depend on the same core allegation of Decedent's fraud. *See* Mot. Dismiss at 4 (citing to *In re Advent Mgmt. Corp.*, 178 B.R. 480, 488, 1995 WL 126290 (9th Cir. 1995) (internal citations removed) ("Similar to the unjust enrichment and declaratory relief claims, '[b]ecause it is a remedy, the right to a constructive trust is subject to the statute of limitations on the underlying action that gives rise to the right to a constructive trust.'").

Therefore, based on what is before the Court and drawing all inferences in Plaintiff's favor, the Court declines to dismiss the Amended Complaint on the basis of statute of limitations.

8

### III.     The Amended Complaint Does Not Satisfy Pleading Standards.

Under GRCP Rule 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* GRCP 8(a). This standard requires only that the complaint provides fair notice of the nature of the claim and the grounds on which it rests. *Ukau v. Wang*, 2016 Guam 18 ¶ 22.

However, when a party alleges fraud, the pleading is subject to the heightened requirements of GRCP Rule 9(b). *See Ukau*, 2016 Guam 26 ¶ 35 ("Generally, fraud claims are subject to heightened pleading standards under Rule 9(b) of the GRCP.").

GRCP Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." GRCP 9(b). GRCP Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 16. "Rather, what is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 1989)). This has been described as the "who, what, when, where, and how" requirement. *Ukau*, 2016 Guam 26 ¶ 47.

### A.     Plaintiff's Allegation of "Recent Discovery" is Too Vague

Defendant argues that the Amended Complaint fails to establish when the statute of limitations commenced because it vaguely alleges only a "recent discovery" of the alleged fraudulent property transfers. *See* Mot. Dismiss at 5–7. She further contends that the Amended Complaint lacks any dates indicating when the transfers occurred or when Plaintiff discovered

them, and that this vagueness "was done order [*sic*] to avoid obvious statute of limitations bars applicable to all claims." *Id.* at 6.

In response, Plaintiff maintains that the phrase "recent discovery" is not too vague as he could not have discovered the alleged misconduct while he was a beneficiary because he lacked access to trust records. Opp. at 7.

In *Cruz v. Cruz*, the trial court found that the phrase "recently discovered" was too vague to establish when the statute of limitations commenced and ordered the plaintiff to amend with more precise language.[3] *See Cruz*, 2023 Guam 20 ¶ 4.

Here, Plaintiff fails to identify a more specific date reference to "recent discovery" in its Amended Complaint. *See* Am. Compl. at 2 ("This Cause of Action is not barred by the applicable statute of limitations for fraud . . . because of the only recent discovery of the fraudulent scheme."). However, Plaintiff's later filings make clear that Plaintiff knows when discovery of the alleged fraud occurred. In his Opposition, Plaintiff argues that "the earliest that [Plaintiff] could have discovered the [Decedent's] fraud was July 20, 2023 (and that would only be if the [Plaintiff] discovered the fraud the day the [Plaintiff] became Trustee)." Opp. at 7. Plaintiff reiterates this point in the Sur-Reply, stating that he did not and could not have discovered the fraud "until he became Trustee on July 20, 2023" because only then did he obtain access to the trust's records. Sur-Reply at 2. Because that date is specific and available to Plaintiff, it appears that the omission of a date in the Amended Complaint is not due to lack of knowledge, but rather a lack of pleading detail.

---

[3] The Guam Supreme Court's acknowledgment of the trial court's reasoning may be considered persuasive dictum. Although the Guam Supreme Court acknowledged the procedural history, the Guam Supreme Court did not directly decide whether the phrase "recently discovered" was too vague to toll the statute of limitations.

10

Therefore, the language "recently discovered" does not meet the particularity requirements of Rule 9(b) of the GRCP.

### B.     Plaintiff Failed to Allege Fraud with Particularity

The elements of fraud are: "1) a misrepresentation; 2) knowledge of falsity (or scienter); 3) intent to defraud to induce reliance; 4) justifiable reliance; and 5) resulting damages." *Ukau*, 2016 Guam 26 ¶ 36.

Defendant asserts that the fraud allegations contained in the Amended Complaint is "so vague that [she] cannot reasonably be required to frame a responsive pleading." Mot. Dismiss at 9.

The factual allegations for fraud in the Amended Complaint states that:

8. It was a fraudulent act by the late Gerard A. Champion to convey legal title to the two properties first to himself individually, and then later in part, to his lawful spouse, Defendant Cecilia Champion.
9. The late Gerard A. Champion breached his fiduciary duties to the Trust by making these conveyances to himself and his spouse. The fiduciary duties he breached included the obligation to exercise good business judgment, to act prudently in the operation of the Trust's business, to discharge his actions in good faith, to act in the best interests of the Trust and its beneficiaries, and to put the interest of the Trust before his own.
10. The late Gerard A. Champion breached his duties of loyalty and good faith by intentionally conveying to himself individually and to his wife, Defendant Cecilia Champion, these two parcels of property.
11. Defendants were direct participants in these two fraudulent conveyances to themselves.
12. Plaintiff, and its Trust beneficiaries, have been damaged by the fraudulent acts of the Defendants.

Am. Compl. at 3.

While these allegations reference fiduciary duty and self-dealing, they fail to clearly identify the legal theory of fraud being asserted and do not articulate how the required elements of

11

fraud are met. For example, it is unclear whether there was a misrepresentation, whether the Decedent intended to defraud the trustee and how Defendant is implicated in the matter.

Plaintiff argues that "[g]iven the fiduciary relationship, fraud, either actual or constructive, is sufficiently alleged." Sur-Reply at 7. Plaintiff adds that because Gerard Champion had a fiduciary duty, "any transaction involving self-dealing is presumed fraudulent, and the burden shifts to the fiduciary to justify the transaction." *Id.* at 5. Plaintiff elaborates in his Sur-Reply that:

> There was a fiduciary relationship, i.e., a trustee, who failed to disclose transactions. The Trustee knew or should have known based on the Trust that he had a duty disclose the real estate transfer transactions to the Trust and to the beneficiaries. The failure to disclose indicates sufficient facts to demonstrate intent to defraud. Disclosure of the facts of the transfers would have been disclosure of the Trustee's misdeed, a sufficient indication of intent to deceive.

*Id.* at 5.

Although the Sur-Reply provides clarity and identifies the type of fraud alleged along with application of facts to the elements, "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 68 F.2d 992, 995 (8th Cir. 1989). Therefore, the Court may not consider the facts or arguments raised in the Sur Reply when determining whether the claim of fraud has been sufficiently pleaded.

However, the Sur-Reply does demonstrate that Plaintiff likely has sufficient information to plead a fraud claim under Rule 9(b)'s heightened pleading standard. If these facts were included in the Amended Complaint, Plaintiff may have sufficiently alleged fraud.

Nonetheless, the current Amended Complaint is deficient because it fails to identify the type of fraud, the elements, and sufficient facts to meet the "who, what, when, where, and how" requirement.

Thus, Plaintiff failed to plead his fraud claim with particularity.

## C.     Plaintiff is Granted Leave to Amend

Rule 15(a) of the GRCP provides that a party must seek leave from the court to amend a complaint once an answer has been filed but requires that such leave "shall be freely given when justice so requires." Under Guam law, leave to amend should be liberally granted. *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178(1962)). *Foman* directs courts to review whether certain factors are present which may mitigate against leave to amend, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi*, 2005 14 Guam 21 ¶ 16. Further, "an outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Arashi*, 2005 Guam 21 ¶ 16 (quoting *Foman*, 371 U.S. at 182).

Here, although Plaintiff has already amended the original complaint once as a matter of right, no amendments have been previously allowed by this Court. An examination of the record reveals no evidence of bad faith, undue delay or a dilatory motive, Further, although the Amended Complaint does not plead fraud with the requisite specificity, it does sufficiently put the Defendants on notice of the facts and events upon which such claim is based. Therefore, the Court does not find that leave to amend would impose undue prejudice on either defendant. *See Eminence Capital LLC v. Aspeon*, Inc., 316 F.3d 1048 (9th Cir. 2003) (holding that absent an affirmative showing of prejudice, a presumption exists in favor of granting leave to amend).

Lastly, an amendment would not be futile. At the motion hearing, Plaintiff voiced that the issues in the Amended Complaint did not warrant a dismissal, but that "I'm happy to amend it." Min. Entry at 10:23 a.m. (Feb. 27, 2025). If Plaintiff is able to adequately amend to sufficiently assert his claim of fraud against the proper parties, the claim may survive a motion to dismiss. Accordingly, this Court finds that "justice so requires" that the Court grant Plaintiff leave to amend. *See* GRCP Rule 15(a). Furthermore, because the Court is granting Plaintiff leave to amend, the concerns raised in Plaintiff's Alternative Motion have already been addressed.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss. However, the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** and the Court hereby **GRANTS** Plaintiff leave to amend. Should Plaintiff choose to amend the First Amended Complaint, the Court **ORDERS** Plaintiff to file his Second Amended Complaint within **thirty (30) days** from the entry of this Decision and Order on the docket.

SO ORDERED: _____JUN 0 9 2025_____ .

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

14